UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALEC TABAK,<br><br>                              Plaintiff,<br><br>   - against -<br><br>ITSBIZKIT, LLC,<br><br>                            Defendant. | Docket No. 17-cv-02962<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Alec Tabak ("Tabak" or "Plaintiff"), by and through his undersigned counsel, as and for his Complaint against Defendant Itsbizkit, LLC ("Itsbizkit" or "Defendant") hereby alleges as follows:

## NATURE OF THE ACTION

1. This is an action for copyright infringement under Section 501 of the Copyright Act and for the removal and/or alteration of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of a copyrighted photograph of rapper Troy Ave being carried out of a Manhattan court, owned and registered by Tabak, a New York City-based photojournalist. Accordingly, Tabak seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

## JURISDICTION AND VENUE

2. This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendant because Defendant resides in and/or is doing business in New York.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Tabak is a professional photojournalist in the business of licensing his photographs to online, print, and television media outlets for a fee, having a usual place of business at 17 Monroe Street, Apt. R3, New York, New York 10002. Tabak's photographs have appeared in many publications around the United States.

6. Upon information and belief, Itsbizkit is a limited liability company duly organized and existing under the laws of the State of New York, with a place of business at 480 45th Street, Copiague, New York 11726. Upon information and belief, Itsbizkit is registered with the New York Department of State, Division of Corporations to do business in the State of New York. At all times material hereto, Itsbizkit has owned and operated a website at the following URL: www.itsbizkit.com (the "Website").

## STATEMENT OF FACTS

**A. Background and Plaintiff's Ownership of the Photograph**

7. On July 11, 2016, Tabak photographed rapper Troy Ave being carried out of a Manhattan court (the "Photograph"). A true and correct copy of the Photograph is attached hereto as Exhibit A.

8. Tabak then licensed the Photograph to the New York Daily News (the "Daily News"). On July 11, 2016, the Daily News ran an article that featured the Photograph on its web edition entitled, *Rapper Troy free on bail as authorities investigate fatal shooting*. See http://www.nydailynews.com/new-york/nyc-crime/troy-ave-free-bail-authorities-investigate-

fatal-shooting-article-1.2707296. Tabak's name was featured in a gutter credit identifying him as the photographer of the Photograph. A true and correct copy of the Photograph in the article is attached hereto as Exhibit B.

9. Tabak is the author of the Photograph and has at all times been the sole owner of all right, title and interest in and to the Photograph, including the copyright thereto.

10. The Photograph was registered with the U.S. Copyright Office and was given Copyright Registration Number VA 2-013-887.

### B. Defendant's Infringing Activities

11. Upon information and belief, on July 12, 2016, Itsbizkit ran an article on the Website entitled *Troy Ave Released From Jail on 500k Bond*. See http://itsbizkit.com/troy-ave-released-jail-500k-bond/. The article prominently featured the Photograph. A true and correct copy of the article is attached hereto as Exhibit C.

12. Itsbizkit did not license the Photograph from Plaintiff for its article, nor did Itsbizkit have Plaintiff's permission or consent to publish the Photograph on its Website.

13. Upon information and belief, Itsbizkit removed Tabak's gutter credit and did not attribute the Photograph to anyone.

### FIRST CLAIM FOR RELIEF
### (COPYRIGHT INFRINGEMENT AGAINST ITSBIZKIT)
### (17 U.S.C. §§ 106, 501)

14. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-13 above.

15. Itsbizkit infringed Plaintiff's copyright in the Photograph by reproducing and publicly displaying the Photograph on the Website. Itsbizkit is not, and has never been, licensed or otherwise authorized to reproduce, publicly display, distribute and/or use the Photograph.

16. The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

17. Upon information and belief, the aforementioned acts of infringement by Itsbizkit have been willful, intentional, and purposeful, in disregard of and with indifference to Plaintiff's rights.

18. As a result of Defendant's infringement of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to recover his damages and Defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

19. Alternatively, Plaintiff is entitled to statutory damages up to $150,000 per work infringed for Defendant's willful infringement of the Photograph, pursuant to 17 U.S.C. § 504(c).

20. Plaintiff further is entitled to his attorney's fees and full costs pursuant to 17 U.S.C. § 505.

21. Defendant's conduct, described above, is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated by or measured in money damages. Plaintiff has no adequate remedy at law.

**SECOND CLAIM FOR RELIEF**
**INTEGRITY OF COPYRIGHT**
**MANAGEMENT INFORMATION AGAINST ITSBIZKIT**
**(17 U.S.C. § 1202)**

22. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-21 above.

23. When the Photograph was published in an article in the Daily News, the article contained copyright management information under 17 U.S.C. § 1202(b).

24. Upon information and belief, in its article on the Website, Itsbizkit intentionally and knowingly removed copyright management information identifying Plaintiff as the photographer of the Photograph.

25. The conduct of Itsbizkit violates 17 U.S.C. § 1202(b).

26. Upon information and belief, Itsbizkit's falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

27. Upon information and belief, the falsification, alteration and/or removal of said copyright management information was made by Itsbizkit intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photograph. Itsbizkit also knew, or should have known, that such falsification, alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal its infringement of Plaintiff's copyrights in the Photograph.

28. As a result of the wrongful conduct of Itsbizkit as alleged herein, Plaintiff is entitled to recover from Itsbizkit the damages, that he sustained and will sustain, and any gains, profits and advantages obtained by Itsbizkit because of its violations of 17 U.S.C. §1202, including attorney's fees and costs.

29. Alternatively, Plaintiff may elect to recover from Itsbizkit statutory damages pursuant to 17 U.S.C. § 1203(c)(3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant Itsbizkit be adjudged to have infringed upon Plaintiff's copyrights in the Photograph in violation of 17 U.S.C §§ 106 and 501;

2. The Defendant Itsbizkit be adjudged to have falsified, removed and/or altered copyright management information in violation of 17 U.S.C. § 1202.

3. That, with regard to the First Claim for Relief, Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photograph; or b) alternatively, statutory damages of up to $150,000 per copyrighted work infringed pursuant to 17 U.S.C. § 504;

4. That, with regard to the Second Claim for Relief, Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's falsification, removal and/or alteration of copyright management information; or b) alternatively, statutory damages of at least $2,500 and up to $ 25,000 for each instance of false copyright management information and/or removal or alteration of copyright management information committed by Defendant pursuant to 17 U.S.C. § 1203(c);

5. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

6. That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. §§ 505 and 1203(b);

7. That Plaintiff be awarded pre-judgment interest; and

8. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: May 16, 2017
Valley Stream, New York

        LIEBOWITZ LAW FIRM, PLLC

        By: /s/ Kamanta C. Kettle
            Kamanta C. Kettle
            11 Sunrise Plaza, Suite 305
            Valley Stream, New York 11580
            Telephone: (516) 233-1660
            KK@LiebowitzLawFirm.com

*Attorney for Plaintiff Alec Tabak*